

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 DEC -7 PM 4: 35

LORETTA G. WHYTE
CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUSIANA

| | | |
|---|---|---|
| TRI-PARISH BARGE, INC. | * | CIVIL ACTION |
| | * | |
| **Plaintiff** | * | NO. __07-9415__ |
| VERSUS | * | |
| | * | SECTION "__" |
| SABA DREDGING, LLC | * | |
| RJG, LLC | * | MAGISTRATE __ |
| JOSEPH DARDAR | * | SECT. R MAG. 3 |
| MICHAEL EVANS | * | |
| | * | |
| **Defendants** | * | |

### VERIFIED COMPLAINT

Now comes Plaintiff, Tri-Parish Barge, Inc. ("Plaintiff"), who files the following verified complaint and, in support thereof, respectfully represents the following:

### PARTIES

I.

Plaintiff is a corporation organized and at all relevant times existing under the laws of the State of Louisiana, with its principal place of business in Louisiana.

II.

Made defendants herein are:

a) SABA Dredging Co, LLC. ("SABA"), a Louisiana Limited Liability Company with its principal place of in Louisiana;

Fee $ 350
___ Process____
_X_ Dktd____
___ CtRmDep____
___ Doc. No____

b) RJG, LLC ("RJG"), a Louisiana Limited Liability Company with its principal place of in Louisiana;

c) Joseph Dardar is a person of the full age of majority who resides in the state of Louisiana.

d) Michael Evans is a person of the full age of majority who resides in the state of Louisiana.

(All of the foregoing defendants, herein collectively, the "Defendants.")

## JURISDICTION AND VENUE

### III.

Subject matter jurisdiction of this Honorable Court is conferred by 28 U.S.C. § 1333 in that this is a civil case of admiralty jurisdiction.

### IV.

This Honorable Court has personal jurisdiction over the Defendants pursuant to Fed.R.Civ.P. 4.

### V.

Venue is proper pursuant to 28 U.S.C. § 1391 in that all of the acts or omissions giving rise to Plaintiff's claim occurred in this judicial district.

## FACTUAL BACKGROUND

### VI.

At all times material hereto, Plaintiff was the owner of the Vessel. (*See* Abstract of Title attached hereto as Exhibit "A.")

## VII.

On or about December 15, 2006, the Vessel was situated in that certain navigable waterway, designated as the Algiers Canal in Plaquemines Parish, Louisiana, with one of the Vessel's spuds (the "Spud").

## VIII.

On or about December 15, 2007, Defendants boarded the Vessel without the knowledge or authorization of Plaintiff and removed the Spud which was keeping the Vessel in place by cutting the Spud at the exposed portion above the waterline.

## IX.

Defendants then utilized a certain towing vessel named the SABA I, which, on information and belief, was owned and operated by SABA, to move the Vessel to a facility owned and operated by SABA in Crown Point, Jefferson Parish, Louisiana. Again, the movement of the Vessel was done without the knowledge or authorization of Plaintiff.

## X.

In the process of moving the Vessel, Defendants left the severed portion of the Spud in place. The severed Spud was exposed approximately two (2) feet above the waterline at low tide, and which was submerged and invisible to vessel traffic in the Algiers Canal at high tide, thus creating a hazard to navigation.

## XI.

Shortly thereafter, Defendants, upon information and belief, removed the name plate "CHICKASAW" and otherwise attempted to conceal the identity of the Vessel.

## XI.

Defendants then attempted to market the Vessel to third parties, including Plaintiff.

## XII.

Upon discovering the theft of its Vessel and the fact that the Spud was dangerously exposed in the waterway, Plaintiff immediately notified the United States Army Corps of Engineers (the "Corps of Engineers") and the United States Coast Guard.

## XIII.

The Corps of Engineers subsequently commanded Plaintiff, as owner of the Vessel, to promptly remove the Spud, pursuant to 33 U.S.C. §409, as the Corps of Engineers had determined that the Spud was a "hazard to navigation." (See Exhibit "B" attached hereto).

## XIV.

Plaintiff complied with the Corps of Engineers demand and removed the Spud with a crane barge.

## XV.

Additional documentation obtained by Plaintiff from the Corps of Engineers demonstrates that Defendants had attempted to obtain a permit from the Corps of Engineers on or about November 2, 2006 to move the Vessel under the false pretense that they needed to build a dock in the vicinity of the Vessel. (*See* FOIA response attached hereto as Exhibit "C", Bates Stamped #1004).

## XVI.

The Corps of Engineers responded to Defendants request with a "letter of no objection" dated November 14, 2006 stating that a permit from the Corps of Engineers was not required but that the letter did "not give any property rights either to real estate or material, or any exclusive privileges, and that it [did] not authorize any injury to private property or invasion of private rights, or infringement of federal, state, or local laws or regulations, nor [did] it obviate the

necessity of obtaining state assent to the work authorized." (*See* Exhibit "C", Bates Stamp # 1001.)

## XVII.

Notwithstanding the specific admonitions of the Corps of Engineers, Defendants proceeded to move the Vessel to SABA's facility without the knowledge or authorization of Plaintiff.

## XVIII.

Subsequent to discovering the acts committed by Defendants and their continued unlawful possession of the Vessel, Plaintiff made amicable demand upon Defendants and/or their legal counsel to immediately return the Vessel to Plaintiff. Despite such amicable demand, Defendants refused to return the Vessel.

## XIX.

Thereafter, Plaintiff sought and received the assistance of the Jefferson Parish Police Department to recover its Vessel from SABA's dock facility in Crown Point, Louisiana. The Vessel was then towed by Plaintiff to its property.

## CAUSES OF ACTION

### COUNT ONE: TRESPASS

## XX.

Plaintiff realleges and incorporates each of the foregoing paragraphs as if set forth herein *in extenso*.

## XXI.

On or about December 15 2006, Defendants boarded the Vessel without permission and thus committed the tort of trespass. The Vessel was not abandoned nor were there any signs of

the Vessel being abandoned, such that the Vessel was without hope of recovery or impossible to be saved.

### COUNT TWO: TROVER AND CONVERSION

### XXII.

Plaintiff realleges and incorporates each of the foregoing paragraphs as if set forth herein in *extenso*.

### XXIII.

Plaintiff, as the owner of the Vessel, was entitled to the peaceable and continued possession of the Vessel.

### XXIV.

Despite the fact that Defendants lacked any legal authority to do so, Defendants boarded the Vessel without permission, cut the Spud holding the Vessel in place, and towed the Vessel away from its location.

### XXV.

Defendants unlawfully exercised dominion, ownership, and/or control over the Vessel to the exclusion of Plaintiff's ownership rights in the Vessel and Plaintiff incurred substantial damages in order to recover its Vessel from Defendants, including substantial attorneys' fees.

### COUNT THREE: TORTIOUS DESTRUCTION OF PROPERTY

### XXVI.

Plaintiff realleges and incorporates each of the foregoing paragraphs as if set forth herein in *extenso*.

## XXVII.

In the process of converting the Vessel, Defendants intentionally cut the Spud holding the Vessel in place so that the Vessel could be moved. The Spud was cut two (2) feet above the water line at low tide, so that at high tide it was submerged  This resulted in a "Notice To Mariners" to be issued by the United States Coast Guard because the remnant of the Spud was declared a hazard to navigation. Plaintiff, because it was owner of the Vessel, was thereafter compelled by the Corps of Engineers to remove the Spud at its expense.

## XXVIII.

In addition, the name plate had been blow-torched off of the Vessel by one or more of the Defendants, presumably to conceal the identity of the Vessel.

## COUNT FOUR: FRAUD

## XXIX.

Plaintiff realleges and incorporates each of the foregoing paragraphs as if set forth herein in *extenso*.

## XXX.

The foregoing acts, including, but not limited to, the misrepresentations made to the Corps of Engineers, the attempted concealment of the Vessel's identity, and the attempted marketing of the Vessel under the pretense that Defendants had an ownership interst in the Vessel, all constitute acts of fraud, which caused damages to Plaintiff.

## **DAMAGES**

## XXXI.

1. Defendants are obligated to reimburse Plaintiff for the damage caused to the Vessel by their deliberate and tortious acts.

2. Defendants are obligated to reimburse Plaintiff for all costs incurred in recovering the Spud as demanded by the Corps of Engineers.

3. Defendants are obligated to reimburse Plaintiff for the costs incurred in recovering the Vessel from SABA's Crown Point facility.

4. Defendants are obligated to reimburse Plaintiff for all of its attorneys' fees incurred in recovering the Vessel, the Spud and in the prosecution of this matter.

## PRAYER

**WHEREFORE**, Plaintiff, Tri-Parish Barge, Inc., prays, there be judgment herein in favor of Plaintiff and against Defendants, ordering Defendants to pay Plaintiff for all damage to the Vessel caused by Defendants' intentional and/or negligent acts in altering, moving and converting the Vessel for their own use; for all costs incurred by Plaintiff to remove the remnants of the Spud; for all costs incurred by Plaintiff to recover the Vessel from SABA's facility and return it to Plaintiff's facilities and for all attorneys' fees and costs incurred and to be incurred by Plaintiffs in recovering the remnants of the Spud and the Vessel and in the prosecution of this matter.

**FURTHER**, Plaintiff, Tri-Parish Barge, Inc., prays for any and all other and further relief as may be just and proper, in law and in equity.

Respectfully submitted,

HENRY A. KING, T.A. (#7393)
MICHAEL LOUIS VINCENZO (#23965)
JUSTIN M. CHOPIN (#31100)
KING, LEBLANC & BLAND, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: 582-3800
Telefax: 582-1233
Attorneys for Tri-Parish Barge, Inc.

# VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

I, Charles Augustine Sr., being duly sworn, deposes and says:

I am the President of Tri-Parish Barge, Inc., plaintiff herein. I have read the foregoing Verified Complaint and know the contents thereof and the same is true to my knowledge.

_____
Charles Augustine, Sr.

Sworn to and subscribed
before me this  5th  day
of  December , 2007.

_____
NOTARY PUBLIC

MICHAEL L. VINCENZO
NOTARY PUBLIC
STATE OF LOUISIANA
BAR NO. 23965
COMMISSION ISSUED FOR LIFE